# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **BRANDYWINE HOMES GEORGIA, LLC** *agent of* **Astor ATL, LLC,** | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:15-cv-03512-WSD-AJB** |
| **v.** | : | |
| | : | |
| **MICHELLE STEELE** *and All Others*, | : | |
| | : | |
| | : | |
| **Defendant,** | : | |
| | : | |
| **MICHELLE JONES,** *Executrix*, | : | |
| | : | |
| **Movant.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

This matter is currently before the Court on an application to proceed *in forma pauperis* ("IFP") filed by Movant Michelle Jones.  [Doc. 1].  For the reasons below, the undersigned **RECOMMENDS** that the request to proceed IFP be **DENIED AS MOOT** and that the action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

## I.     Introduction

On or about September 14, 2015, Plaintiff Brandywine Homes Georgia, LLC, acting as the agent of Astor ATL, LLC, served a dispossessory warrant upon Defendant Michelle Steele in a dispossessory proceeding filed in the Magistrate Court of DeKalb County.[1]   [Doc. 1-2 at 12].   On September 28, 2015, the Magistrate Court found Defendant in default on grounds that she failed to appear for trial, and it accordingly ordered that a writ of possession be issued.   [*Id*. at 13].

On October 2, 2015, Movant Michelle Jones, proceeding *pro se* and referring to herself as "Executrix" and "Third-party Inventor," [sic], filed a notice of removal and the application to proceed IFP that is presently before the Court.   [Docs. 1, 1-1, 1-2]. She seeks removal of the dispossessory action to this Court, asserting that the Court may exercise jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1332, [Doc. 1-2 at 1], and she seeks IFP status for Defendant so that the case may proceed in this Court without payment of the Court's filing fees, [Doc. 1].

---

[1]      The dispossessory action concerns property located at 3943 Belmont Ridge Dr., Lithonia, Georgia 30038, which is also the address provided by Plaintiff on documents filed with the Court in association with her notice of removal. [*See* Doc. 1-2 at 5, 8, 12].  The Magistrate Court of DeKalb County assigned the matter Case No. 15D57752.  [*Id*. at 11].  Plaintiff is represented by counsel in the matter. [*Id*. at 12].

AO 72A
(Rev.8/8
2)

## II.     *Improper* Pro Se *Representation*

Although Movant filed the notice of removal and application to proceed IFP on Defendant's behalf, there is no indication Movant is a lawyer. [*See* Doc. 1 at 1; Doc. 1-1 at 1-2]. The United States Code provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The plain language of § 1654 requires those persons who seek to represent themselves in federal courts to do so "personally." *Id.* A nonlawyer, such as Movant, therefore may not represent any other person or entity in this action. *See Jacox v. Dep't of Defense*, Civil Action No. 5:06-cv-182 (HL), 2007 WL 118102, at *1 (M.D. Ga. Jan. 10, 2007) ("28 U.S.C. § 1654 requires *pro se* litigants to conduct their own cases personally and does not authorize nonlawyers to conduct cases on behalf of individuals."); *see also Michel v. United States*, 519 F.3d 1267, 1271 (11th Cir. 2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null.") (citing *Gonzalez v. Wyatt*, 157 F.3d 1016 (5th Cir. 1977)[2]); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (holding that

---

[2]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

AO 72A
(Rev.8/8
2)

"an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries and creditors other than the litigant").

Therefore, because Movant, a non-attorney, signed and filed the notice of removal and application to proceed IFP on Defendant's behalf, those documents are void as a matter of law. The undersigned therefore **RECOMMENDS** to the District Judge that the application to proceed IFP be **DENIED AS MOOT** and that the matter be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

### III.    *Removal Jurisdiction*

It also bears discussing that even if the representation were proper and Defendant had qualified for IFP treatment, the matter would nevertheless be subject to remand because the Court lacks subject-matter jurisdiction over the case. Independent of the Court's duty under 28 U.S.C. § 1915(e)[3] to evaluate the claim of a party proceeding *in forma pauperis*, the Court also has an obligation to insure that subject-matter jurisdiction exists. " 'Subject matter jurisdiction . . . refers to a tribunal's power to hear

---

[3]    Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

4

a case.' " *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013) (quoting *Morrison v. Nat'l Australia Bank, Ltd.*, 130 S. Ct. 2869, 2877 (2010)).

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). However, a district court lacks subject-matter jurisdiction over a removal action when it does not have "original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Original jurisdiction under § 1441 arises if there is diversity of citizenship or the complaint presents a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *id.* ("Subject-matter jurisdiction can never be

5

waived or forfeited."); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation marks omitted). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Defendant's grounds for removal are not entirely clear. She appears to assert that the Court may exercise diversity-of-citizenship jurisdiction over the matter because she and Plaintiff are both citizens of Georgia. [Doc. 1-2 at 1]. She also asserts that the Court may exercise federal-question jurisdiction over the matter but simply lists a number of federal statutes without indicating how they relate to her case. [*Id.*]. Having reviewed the matter, the undersigned concludes that the Court does not have subject-matter jurisdiction over this case under either theory.

6

### A.      Diversity-of-Citizenship Jurisdiction

Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  Under § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  The removal statute does not provide an in-state party the same flexibility in removing cases, however.  *Id.* at 89-90 ("The scales are not evenly balanced" for plaintiffs bringing a case under diversity jurisdiction and for defendants removing a case under diversity jurisdiction.).  Instead, § 1441(b) bars removal on the basis of diversity if the "part[y] is a citizen of the State in which [the] action is brought."  *Id.* at 90 (quoting 28 U.S.C. § 1446(b)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

The Court concludes that diversity-of-citizenship jurisdiction is non-existent for two reasons.  First, the case does not meet the amount-in-controversy requirement.  As District Judges in the Northern District of Georgia have held in a similar context:

> In this case, Defendant has failed to demonstrate that either there is diversity of citizenship between him and [Plaintiff] or that the amount in controversy in this matter exceeds $75,000.00.  As a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at

AO 72A
(Rev.8/8
2)

issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement. *See Novastar Mortgage, Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001) [(Pannell, J.)] (holding on nearly identical facts that claim for ejectment in summary dispossessory proceeding after foreclosure sale cannot satisfy the amount in controversy requirement as a matter of law). Accordingly, 28 U.S.C. § 1332 cannot serve as a basis for removal.

*Fed. Home Loan Mortg. Corp. v. Williams*, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) (Story, J.). According to the dispossessory complaint, it appears that Defendant is a tenant at sufferance who is holding over post-foreclosure and that Plaintiff simply seeks possession of the foreclosed property. [*See* Doc. 1-2 at 12]. As a result, the dispossessory proceeding falls well short of the amount-in-controversy requirement.

Second, even if the amount-in-controversy requirement could be satisfied, the Court finds that § 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because Defendant is a citizen of the State of Georgia, which is the state where Plaintiff brought the dispossessory proceeding against her. [Doc. 1-2 at 1 ("Plaintiff is domiciled in the State of GEORGIA and Defendant's place of incorporation/registered [sic] is the State of GEORGIA"); Doc. 1-3 at 1 (stating that Plaintiff and Defendant are citizens of the State of Georgia)]. Stated another way,

8

AO 72A
(Rev.8/8
2)

Defendant, a citizen of Georgia, cannot remove the case to a federal court in Georgia because Plaintiff brought the dispossessory action in Georgia.  *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (citing § 1441(b) and explaining that "[w]hen a case is removed based on diversity jurisdiction, as this case was, the case must be remanded to state court if . . . one of the defendants is a citizen of the state in which the suit is filed"); *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1327 (11th Cir. 2010) (same); *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) (holding that defendant's removal of foreclosure action brought in an Ohio Magistrate Court to an Ohio federal court was improper because defendant was a citizen of Ohio); *see also Bregman v. Alderman*, 955 F.2d 660, 663 (11th Cir. 1992) (finding removal improper because although there was diversity of citizenship, two of the parties were citizens of the forum state).

Therefore, the undersigned finds that removal is not proper on the basis of diversity of citizenship.

**B.      Federal-Question Jurisdiction**

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal

9

cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a Defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). Nor may a counterclaim serve as the basis for federal-question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009) (federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 832 (2002); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). The removing defendant bears the burden of proving that a federal question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Here, there is no indication that Plaintiff's complaint raises anything more than a dispossessory claim. [*See* Doc. 1-2 at 12]. Dispossessory actions are authorized under the Official Code of Georgia. *See* O.C.G.A. § 44-7-49 *et seq*. No federal law or authority is invoked on the face of the complaint, nor does Plaintiff request any relief other than possession of the premises. [Doc. 1-2 at 12]. Thus, the claim forming the basis for this action is simply a dispossessory action and therefore exclusively a matter of state law. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (Batten, J.). As a result, the undersigned finds that there is no federal question presented in the complaint such that this Court might exercise subject-matter jurisdiction over this matter under 28 U.S.C. § 1331.

## IV.   *Conclusion*

The filings purporting to seek leave to proceed IFP and to remove the matter to this Court, having been made by a non-lawyer on behalf of the defendant, are a legal nullity. Nevertheless, even if the notice of removal and application to proceed IFP had been properly filed and Defendant had qualified for IFP treatment, the matter would not have survived subject-matter-jurisdiction review because Plaintiff's complaint contains no grounds upon which the Court might exercise subject-matter jurisdiction over the proceedings. Simply put, the federal courts do not have the power to hear this case.

11

Consequently, the undersigned **RECOMMENDS** to the District Judge that he **DENY** the application to proceed IFP **AS MOOT** and **REMAND** this action to the Magistrate Court of DeKalb County, Georgia.

The Clerk is **DIRECTED** to **TERMINATE** the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND DIRECTED**, this 21st day of October, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

12