IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRANDYWINE HOMES
GEORGIA, LLC, agent of ASTOR
ATL, LLC,

        Plaintiff,

v.

MICHELLE STEELE, and All
Others,

        Defendant,

MICHELLE JONES, Executrix,

        Movant.

1:15-cv-3512-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation ("R&R") [2], which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia. The R&R also recommends denying as moot Movant Michelle Jones's ("Movant" or "Jones") application to proceed *in forma pauperis* ("IFP Application") [1].

**I.     BACKGROUND**

On September 14, 2015, Plaintiff Brandywine Homes Georgia, LLC, as the agent of Astor ATL, LLC, ("Plaintiff") filed a dispossessory warrant

("Complaint") against its tenant, Defendant Michelle Steele ("Defendant"), in the Magistrate Court of DeKalb County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs.

On October 2, 2015, Jones, proceeding *pro se*, removed the DeKalb County action to this Court by filing her Notice of Removal and IFP Application. Jones claims that she is an "Executrix" and a "Third-party Inventor [sic]." ([1.2] at 8). Although nearly incomprehensible, Jones appears to assert that there is federal subject matter jurisdiction because there is in this case a question of federal law. In her Notice of Removal, Jones claims that Plaintiff violated the Uniform Commercial Code ("UCC") and various federal laws, including the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. (Notice of Removal [1.2] at 1). Jones also claims that Plaintiff violated the Due Process Clause of the Fourteenth Amendment. (Id. at 2).

On October 21, 2015, Magistrate Judge Baverman issued his R&R. The Magistrate Judge found that it was improper for Jones, on behalf of Defendant, to sign both the Notice of Removal and IFP Application because she is not an attorney, and Jones is thus not authorized to represent Defendant in this action.

---

[1]  No. 15D-057752.

The Magistrate Judge concluded that Jones's Notice of Removal and IFP Application are void as a matter of law and recommended that the IFP Application be denied as moot and that this action be remanded to the Magistrate Court of DeKalb County, Georgia.

The Magistrate Judge found further that, even if Jones's representation was proper and Defendant met the requirements to proceed IFP, this action is still required to be remanded because the Court lacks subject matter jurisdiction. The Magistrate Judge found that the Complaint shows that this is a state court dispossessory action and does not allege federal law claims. Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter. The Magistrate Judge also found that Jones failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000. The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

On November 4, 2015, Jones filed her Objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Jones's "Objections" are incoherent. They do not address the Magistrate Judge's reasons for recommending remand and instead consist of rambling allegations that are nearly impossible to discern.[2] See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and

---

[2] For example, Jones asserts that Magistrate Judge Baverman "is bias and acting beyond the scope or in excess of legal power or authority to vacate the Bench as Judge and move to the role of representative [sic] for the Defendants." (Obj. at 22). She also claims that "[t]he judicial perversion of Georgia law by Ga [sic] courts has led to a civil rights crisis in addition to, adding insult to injury, regarding the financial crisis of mortgage foreclosures." (Id. at 17).

recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). These are not valid objections and the Court will not consider them. The Court reviews the R&R for plain error.

B.     Analysis

The Magistrate Judge found that Plaintiff's Complaint does not present a federal question and that the parties are not diverse. The Court does not find any plain error in these conclusions. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009) ("Where former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance," and are thus subject to a dispossessory proceeding under O.C.G.A. § 44-7-50); Fed. Home Loan Mortg.

Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, the Magistrate Judge recommended that this action be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Jones did not object to this recommendation and the Court finds no plain error in it.[3]

---

[3] The Court does not find any plain error in the Magistrate Judge's conclusion that the Notice for Removal and IFP Application are void because Jones is not an attorney, is not authorized to practice law in this Court, and is not authorized to litigate on behalf of Defendant. See Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012) ("The right to appear *pro se*, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others."); see also 28 U.S.C. § 1654 ("[i]n all courts of the United States the parties may plead and conduct their own cases *personally*) (emphasis added); Jacox v. Dep't of Defense, No. 5:06-cv-182 (HL), 2007 WL 118102, at *2 (M.D. Ga. Jan. 10, 2007) ("28 U.S.C. § 1654 requires *pro se* litigants to conduct their own cases personally and does not authorize nonlawyers to conduct cases on behalf of individuals."); Michel v. United States, 519 F.3d 1267, 1270 (11th Cir. 2008) (citing Gonzalez v. Wyatt, 157 F.3d 1016 (5th Cir. 1977)) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null"). The Magistrate Judge recommended that

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Movant Michelle Jones's Objections [4] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**IT IS FURTHER ORDERED** that Movant Michelle Jones's application to proceed IFP is **DENIED AS MOOT**.

**SO ORDERED** this 8th day of January, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

the IFP Application be denied as moot and that this action be remanded. Jones did not object to this recommendation and the Court finds no plain error in it.