IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDYWINE HOMES GEORGIA, LLC, agent of ASTOR ATL, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>MICHELLE STEELE, and All Others,<br><br>   Defendant,<br><br>MICHELLE JONES, Executrix,<br><br>   Movant. | 1:15-cv-3512-WSD |

**OPINION AND ORDER**

This matter is before the Court on Michelle Jones's ("Jones") "Motion Objecting to Opinion and Order" [7] and "Friend of the court motion, requesting the court take judicial notice under Georgia Rule 5-201. Judicial Notice of Adjudicative Facts (a) (b) (d) (e) (f) + 5-301(a) [sic]" [7.5]. The Court construes Jones's filings as her Motion for Reconsideration of the Court's January 8, 2016, Order [5] remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

**I.    BACKGROUND**

On September 14, 2015, Plaintiff Brandywine Homes Georgia, LLC, as the agent of Astor ATL, LLC, ("Plaintiff") filed a dispossessory warrant ("Complaint") against its tenant, Defendant Michelle Steele ("Defendant") in the Magistrate Court of DeKalb County, Georgia.  (See [1.2] at 12).

On October 2, 2015, Jones, claiming that she is an "Executrix" and a "Third-party Inventor," and proceeding *pro se*, removed the DeKalb County dispossessory action to this Court based on federal question jurisdiction.  (See [1.2] at 8).

On October 21, 2015, Magistrate Judge Baverman issued his R&R.  The Magistrate Judge found that it was improper for Jones, on behalf of Defendant, to sign both the Notice of Removal and the application to proceed *in forma pauperis* ("IFP Application") because Jones is not an attorney, and she is thus not authorized to represent Defendant in this action.  The Magistrate Judge concluded that Jones's Notice of Removal and IFP Application were void as a matter of law and recommended that the IFP Application be denied as moot and that this action be remanded to state court.  The Magistrate Judge found further that, even if Jones's representation was proper and Defendant met the requirements to proceed IFP, this

action is still required to be remanded because the Court lacks subject-matter jurisdiction.[1]

On January 8, 2016, the Court adopted the R&R and remanded this dispossessory action to state court for lack of subject-matter jurisdiction.

On January 19, 2016, Jones filed her Motion for Reconsideration.

## II.   DISCUSSION

Here, Jones removed this action based on federal question jurisdiction, and the Court's January 8, 2016, Order remanding this action for lack of subject-matter jurisdiction is not reviewable in a motion for reconsideration or on appeal.  See 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."); Shoals T.V. & Appliance, Inc. v. Auto Owners Ins. Co., 791 F. Supp. 283, 287 (N.D. Ala. 1992) ("Remand orders based on section 1447(c) are unreviewable on 'appeal or otherwise'" because Section 1447(d) "has been universally construed to preclude . . . reconsideration by the district court"); Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 (11th Cir. 2011) (affirming the district court's decision to deny

---

[1]   Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  The Magistrate Judge also concluded that the Court does not have diversity jurisdiction over this matter because Jones failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.

plaintiff's motion for reconsideration because the action was remanded to state court and was no longer pending in federal court, noting that "[e]ven if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case"); Harris v. Blue Cross/Blue Shield of Ala. Inc., 951 F.2d 325, 330 (11th Cir. 1992) (citation and quotation omitted) ("Unquestionably, § 1447(d) not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order.").

On January 8, 2016, after determining it lacked subject-matter jurisdiction over this dispossessory action, the Court remanded this case to the state court. Because the case is no longer pending before this Court, the Court lacks jurisdiction to consider Jones's Motion for Reconsideration.  See Shoals, 791 F. Supp. at 287 ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case."); Collins v. Fingerhut Co., Inc. et al., 117 F. Supp. 2d 1283, 1285 (S.D. Ala. 2000) ("However, it is clear that the court lacks subject matter jurisdiction to revisit its original remand order whether the opportunity to do so is case in the form of a motion to reconsider or in the form of a second notice of removal."); Davis v. Am. Gen. Grp. Ins. Co., 732 F. Supp. 1132, 1135 (N.D. Ala. 1990) (after remand, a

district court lacks jurisdiction to consider a motion to reconsider the remand order).

Even if the Court had jurisdiction to consider Jones's Motion for Reconsideration—which it does not—Jones does not assert the existence of "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, or that the judgment has been satisfied or is no longer applicable. See Fed. R. Civ. P. 60(b); Rease v. Harvey, 376 F. App'x 920, 921 (11th Cir. 2010). Jones's Motion for Reconsideration is nonsensical, convoluted and conclusory, and fails to even address the basis for the Court's January 8, 2016, Order, remanding this dispossessory action to state court for lack of subject-matter jurisdiction. Jones simply reiterates the same illogical arguments asserted throughout her rambling filings in this action.[2] Jones has not presented any grounds upon which to support granting her relief from the Court's January 8th

---

[2] To the extent Jones claims that she "is the only flesh and blood living woman that is proper to autograph any and all documents" and that she is a "Third Party Intervener," the record is clear that Jones is not an attorney, is not authorized to practice law in this Court, and is not authorized to litigate on behalf of Defendant. See Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012) ("The right to appear *pro se*, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others."); 28 U.S.C. § 1654 ("[i]n all courts of the United States the parties may plead and conduct their own cases *personally*) (emphasis added); Michel v. United States, 519 F.3d 1267, 1270 (11th Cir. 2008) (citation omitted) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null").

Order.  See Fed. R. Civ. P. 60(b).  Jones's Motion for Reconsideration is denied for this additional reason.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Michelle Jones's "Motion Objecting to Opinion and Order" [7] and "Friend of the court motion, requesting the court take judicial notice under Georgia Rule 5-201.  Judicial Notice of Adjudicative Facts (a) (b) (d) (e) (f) + 5-301(a) [sic]" [7.5], construed as a Motion for Reconsideration, is **DENIED**.

**SO ORDERED** this 29th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE